**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **DARRELL R. DUNBAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:07-CV-259-A** |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Darrell R. Dunbar, TDCJ # 1101300, is a state prisoner in custody of the Texas

Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal

Justice, Correctional Institutions Division.

### C. FACTUAL AND PROCEDURE HISTORY

In March 2002 a jury found Dunbar guilty of indecency with a child in Case No. 0740373D

in the 396th District Court of Tarrant County, Texas. (State Habeas R. at 151.) On May 9, 2002, the state trial court assessed his punishment at ten years' confinement. (*Id.*) The Second District Court of Appeals of Texas affirmed the trial court's judgment on the jury verdict on May 6, 2004, and the Texas Court of Criminal Appeals refused his petition for discretionary review on October 13, 2004. *Dunbar v. Texas*, No. 2-02-174-CR, slip op. (Tex. App.–Fort Worth May 6, 2004) (not designated for publication); *Dunbar v. Texas*, PDR No. 1242-04. Dunbar did not seek writ of certiorari; thus, his conviction became final under state law on January 11, 2005, 90 days after his petition for discretionary review was refused. *See Id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); Sup. Ct. R. 13.1.

Dunbar filed a state application for writ of habeas corpus on March 20, 2006, challenging his conviction, which was denied without written order on April 18, 2007. *Ex parte Dunbar*, State Habeas Application No. WR-63,417-03, at cover. Dunbar filed this federal petition for writ of habeas corpus on April 24, 2007. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition is delivered to prison authorities for mailing). As directed, Quarterman has filed a preliminary response addressing only the timeliness of the petition, to which Dunbar has responded.

## D. ISSUES

Dunbar raises four grounds for relief in which he claims:

    (1)      He received ineffective assistance of counsel;
    (2)      The trial court abused its discretion by allowing inadmissible evidence;
    (3)      The state engaged in prosecutorial misconduct; and
    (4)      He is actually innocence of the crime for which he was convicted. (Petition at 7-8.)

## E.  RULE 5 STATEMENT

Quarterman asserts that Dunbar's petition should be dismissed as barred by the statute of limitations.  (Resp't Preliminary Response at 1-6.)

## F. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Specifically, §2244(d) provides:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (d)(1)(A), applicable to this case, Dunbar's conviction became final and the one-year limitations period began to run on January 11, 2005, and expired one year later on

January 11, 2006, absent any applicable tolling.

Dunbar's state habeas application filed after the federal limitations period had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Dunbar asserted a valid reason for his failure to file his petition in a timely manner to justify equitable tolling of the limitations period, and the record reveals none. Equitable tolling is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Difficulty obtaining records is a common problem among inmates who are trying to pursue postconviction habeas relief. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Further, claims of actual innocence do not warrant equitable tolling. *Id.* at 171.

Dunbar's federal petition was due on or before January 11, 2006. His petition filed on April 24, 2007, is therefore untimely.

## II.  RECOMMENDATION

Quarterman's motion to dismiss should be granted and Dunbar's petition for writ of habeas corpus dismissed with prejudice as time-barred. All motions not previously ruled upon should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been

served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 26, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 26, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 5, 2007.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE